IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RANDALL K. SHOTTS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 03 - 669 |
| | ) | |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| WILLIAM CAPRETTI and | ) | |
| ROBERT LOUTHER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

Presently before the Court for review and disposition is the Motion for Summary Judgment filed by the remaining Defendants (doc. no. 34) with a brief in support (doc. no. 35), and Plaintiff's Response to motion (doc. no. 37) and brief in opposition (doc. no. 38). For the reasons that follow, the Motion for Summary Judgment will be denied.

**I.  Standard of Review**

Defendants have filed a Motion for Summary Judgment under Federal Rule of Civil Procedure 56. Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(c).  The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact.  Once that burden has been met, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law.  <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475

U.S. 574 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). "Where the record taken as a whole could not lead a reasonable trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita, 475 U.S. at 587. The inquiry involves determining whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law. Brown v. Grabowski, 922 F.2d 1097, 1111 (3d Cir. 1990), *cert. denied*, 501 U.S. 1218 (1991) (quoting Anderson, 477 U.S. at 251-52). If a court, having reviewed the evidence with this standard in mind, concludes that "the evidence is merely colorable . . . or is not significantly probative," then summary judgment may be granted. Anderson, 477 U.S. at 249-50.

## II. Plaintiff's Allegations and Material Facts

Plaintiff commenced the above-captioned civil rights action seeking money damages for an injury sustained at the Westmoreland County Prison (WCP) in Greensburg, Pennsylvania, on May 15, 2001. By way of background, Plaintiff was instrumental in terminating a drug ring operating out of WCP while he was incarcerated there prior to 2001. As a result of his cooperation with the Pennsylvania State Police and the Office of the Attorney General, several guards at the WCP, as well as inmates, were arrested and prosecuted. Because of his involvement in exposing criminal activity, on September 27, 2000, the Honorable Richard E. McCormick, Jr. of the Court of Common Pleas of Westmoreland County ordered that Plaintiff was not to be confined at the WCP but rather in the Allegheny County Jail (ACJ).

Notwithstanding this order, on May 15, 2001, Plaintiff was housed at the WCP prior to attending a court hearing at the Westmoreland County Courthouse for sentencing on state charges.

While he was there, another inmate began to threaten him about his activities in exposing the drug activities at the jail. At that point, Defendants Capretti and Louther moved Plaintiff to a smaller cell allegedly to isolate him from other inmates. Plaintiff claims that Defendant Capretti punched him in the eye with his fist causing Plaintiff to fall to the floor of the cell between the toilet and the bunk. Capretti allegedly told Plaintiff that he punched him for his role in exposing the drug ring and the arrest of several of the guards. Louther allegedly witnessed the abuse and did nothing to stop it but instead encouraged it by laughing. Plaintiff then was transferred to the Courthouse for his hearing.

When Plaintiff was returned to the WCP, Capretti allegedly threatened him by saying: "This never happened. You'll save me the trouble of writing you up and beating you up when you get back." When Capretti heard that Plaintiff had spoken to a counselor about the incident, he told Plaintiff to state that he had fallen and hit his head on the toilet and threatened to file false assault charges against him if he refused to lie.

Later that day, Plaintiff was taken to the medical unit where he was examined, given an ice pack and some Motrin, and told to return for a follow-up if there were any problems. He was diagnosed with a "right cheek bone contusion."

### III. Liability under Section 1983

Plaintiff's complaint seeks recovery under 42 U.S.C. § 1983. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements: 1) the alleged misconduct must have been committed by a person acting under color of state law; and 2) the defendants' conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

Specifically, Plaintiff seeks to impose liability against Defendants for the use of excessive force. The Cruel and Unusual Punishments Clause of the Eighth Amendment also protects inmates against the application of excessive force by correctional officers. *See* Whitley v. Albers, 475 U.S. 312, 318-19 (1986). In an excessive force claim, the core judicial inquiry is "whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). Factors relevant to this inquiry include: the need for application of force; the relationship between that need and the amount of force used; the threat reasonably perceived by the responsible officials; and any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (citations omitted). The absence of serious injury is a relevant, but not dispositive, additional factor to be considered in the subjective analysis. *Id.* *See also* Brooks v. Kyler, 204 F.3d 102, 104 (3d Cir. 2000) (holding that there is no fixed minimum quantum of injury that a prisoner must prove he suffered through either objective or independent evidence in order to state a claim for excessive force).

Here, Plaintiff's medical records indicate he suffered a contusion to his right cheek bone. Ex. 1, doc. no. 36. The officers transporting Plaintiff to the Courthouse noticed a red mark covering Plaintiff's right eye. Ex. 2, doc. no. 36. Plaintiff told these officers that Sergeant Capretti had hit him. Inmate Stacy Thompson reported that he heard men yelling and it sounded like someone was being beaten. Ex. 3, doc. no. 36. An inmate witness wrote to Judge McCormick and told him "that it was obvious that the guards were beating the inmate and that after Sgt. Capretti left the cell he had a cocksure grin on his face." Ex. B, doc. no. 38. Following his hearing at the Courthouse, Judge McCormick ordered that Plaintiff was to be guarded by a Deputy Sheriff while he was at the WCP

until he was transported back to the ACJ.  Ex. C, doc. no. 33.  Finally, Plaintiff alleges his eye injury will require surgery to correct.

As recently stated by the Court of Appeals:

> A motion for judgment as a matter of law should be granted only if, viewing the evidence in the light most favorable to the nonmovant there is insufficient evidence from which a jury could reasonably find for the nonmovant.  We may not weigh the evidence.  The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party.  A jury must resolve any factual conflicts, not a court.

Fuentes, 206 F.3d at 341 (internal quotation and citation omitted).

Given the conflicting evidence set forth in the record, there remains disputed questions of fact concerning whether Defendant Capretti did indeed hit Plaintiff and whether Defendant Louther was in a position to intervene and failed to do so.  *See* Smith v. Mensinger, 293 F.3d 641, 650 (3d Cir. 2002) ("We hold that a corrections officer's failure to intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so.)  As Plaintiff has demonstrated that there are disputed issues of material fact concerning whether Defendants used excessive force, Defendants are not entitled to summary judgment.  *Accord* Smith, 293 F.3d at (holding that material issues of fact existed as to whether certain prison employees participated in purported unprovoked beating of inmate precluding summary judgment).  *See also* Fuentes, 206 F.3d at 343 (holding that the Magistrate Judge did not err in denying Fuentes' motion for judgment as a matter of law because the conflicting evidence, which could reasonably have led to inconsistent conclusions, did not justify a judgment as a matter of law) (quotation and citation omitted).   An appropriate order follows.

**AND NOW**, this 6th day of March, 2006;

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (doc. no. 34) is **DENIED**.

Pursuant to Fed. R. App. Proc. 4, the Plaintiff has thirty days from the date of this judgment in which to file a notice of appeal.

    s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
U.S. Magistrate Judge

cc:    Mike R. Rubinoff
32 West Third Street
Greensburg, PA 15601

Thomas P. Pellis
Meyer, Darragh, Buckler, Bebenek & Eck
114 South Main Street
Greensburg, PA 15601